53 N.J. Super. 332 (1958)
147 A.2d 92
HERBERT S. MINOT, PLAINTIFF,
v.
HOYT BROTHERS, INC., A CORPORATION OF NEW JERSEY, AND, IN THE ALTERNATIVE, DANIEL B. HOYT, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 12, 1958.
*333 Messrs. Hannoch, Weinstein, Myers & Stern (Mr. Morris Weinstein, appearing), attorneys for plaintiff.
Messrs. Bracken & Walsh (Mr. Joseph F. Walsh, appearing), attorneys for defendants.
MASUCCI, J.C.C. (temporarily assigned).
This application involves a motion by the defendant for summary judgment of dismissal. Defendant contends that the pleadings, affidavits and exhibits show palpably that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law.
With reference to the first and second counts of the complaint, the case of Tanenbaum v. Sylvan Builders, Inc., 50 N.J. Super. 342 (App. Div. 1958), is controlling. It was there held that a real estate broker could not recover commissions for services in connection with the sale of real estate in New Jersey whether the broker's employment contract was made in New York or New Jersey without alleging and proving that he was a duly licensed real estate broker *334 of New Jersey. This holding is based on the theory that the Real Estate Broker's Act, N.J.S.A. 45:15-1 et seq., involved a strong public policy of this State.
It is contended that the Real Estate Broker's Act exempts lawyers, among others, from the requirement to procure a real estate license and that the plaintiff is a New York attorney and, therefore, comes within the purview of the exemption.
I believe the statutory exemption is intended to apply to attorneys of this State and has special significance for the purpose as indicated by our Supreme Court rules relating to attorneys and counsellors.
Implicit in the construction of these rules, R.R. 1:12-1 et seq., is the idea that a person is not permitted to practice in any of our courts unless he is an attorney-at-law of New Jersey (with certain exceptions not here applicable). No attorney or counsellor-at-law of another jurisdiction is permitted to try any case in any of our courts except upon discretionary ruling by the court in which the case may be pending R.R. 1:12-8, nor can any person not a counsellor-at-law of this State be heard orally before any of our appellate courts. R.R. 1:12-3.
The tone, spirit, scope and intent of our cited rules indicate that the practice of law and all its privileges, except as noted, are limited to attorneys and counsellors of this State and that the exemption referred to in the act is limited and intended only for attorneys of this State.
These conclusions apply equally to the first and second counts, both of which involve the same cause of action. The second count is stated in the alternative against the individual, in the event of his lack of authority to have acted for the corporate defendant. In view of my conclusions, the defendant's motion for summary judgments of dismissal as to these counts will be granted. It, therefore, becomes unnecessary to discuss the other points raised by the parties with reference to these counts.
The third and fourth counts of the complaint allege a cause of action for services rendered by the plaintiff as *335 an attorney and liquidator in connection with the liquidation and sale of the defendant company's assets.
Nothing in any of the allegations of the latter counts indicate that the services sued for are within the purview of the Real Estate Broker's Act nor are there any allegations in the moving affidavits which would bring the services within the terms and provisions of the act.
The two latter counts state causes of action entirely distinct from those in the first two counts.
The defendant's motion for summary judgment of dismissal as to the third and fourth counts is denied.