KAZMER–STANDISH CONSULTANTS, INC., PLAINTIFF-APPELLANT, v. SCHOEFFEL INSTRUMENTS CORPORATION AND KRATOS, INC., DEFENDANTS-RESPONDENTS.

J. PAUL STENDER, FERDINAND G. STENDER, JR. AND TEMPLE LUMBER COMPANY, INC., PLAINTIFFS, v. PERMA CLAD INDUSTRIES, INC., AND EUGENE SARAFIN, DEFENDANTS.

VICTOR HENRY ASSOCIATES, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. PERMA–CLAD PRODUCTS, A DIVISION OF TEMPLE LUMBER COMPANY, INC., TEMPLE LUMBER COMPANY, INC., A NEW JERSEY CORPORATION, J. PAUL STENDER, DEFENDANTS, AND EUGENE E. SARAFIN, RICHARD H. STIPE, RAYMOND W. MILLER AND PERMA-CLAD INDUSTRIES, INC., A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.

Argued November 2, 1982—Decided May 17, 1982.

*Dennis W. Blake* argued the cause for appellant Kazmer-Standish Consultants, Inc. (*Friedland, Rudolph & Blake*, attorneys).

*Lewis J. Pepperman* argued the cause for respondent Victor Henry Associates, Inc. (*Stark and Stark*, attorneys).

*Michael S. Meisel* argued the cause for respondents Schoeffel Instrument Corporation, et al. (*Cole, Berman & Belsky*, attorneys; *Michael S. Meisel* and *Bonnie Blume Goldsamt*, on the briefs).

*Barth F. Aaron* argued the cause for appellants Eugene E. Sarafin, et al. (*James G. Aaron*, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

The issue in these cases is whether a broker who does not have a license to sell real estate may recover any commission from the sale of an ongoing business that includes an interest in real estate. In *Kazmer-Standish Consultants, Inc. v. Schoeffel Instrument Corp.*, 177 *N.J.Super.* 412 (1981), certif. granted, 87 *N.J.* 361 (1981), one part of the Appellate Division affirmed the summary judgment denying the broker a commission. In an unreported decision in *Stender v. Perma-Clad Industries, Inc.*, another part of the Appellate Division affirmed a judgment awarding a commission to the broker on the part of the sale attributable to personalty. Originally we denied Perma-Clad's petition for certification, 87 *N.J.* 343 (1981), but after granting certification in *Kazmer-Standish*, we rescinded the denial and granted certification. 87 *N.J.* 361 (1981).

We hold that a business broker is not included within the definition of "real estate broker" or "real estate salesman" under the real estate brokers' act. *N.J.S.A.* 45:15–3. We hold further that a broker in the sale of an ongoing business may recover a commission for the part of the sale attributable to personalty. Accordingly, we reverse the summary judgment for defendants in *Kazmer-Standish* and affirm the judgment for the plaintiff in *Perma-Clad*.

In the first case, Kazmer-Standish is an Ohio business broker not licensed to sell real estate in New Jersey. Schoeffel was a

New Jersey corporation engaged in the manufacture and sale of scientific instruments in Westwood, New Jersey. Kratos is a California corporation that purchased the assets and real estate of Schoeffel in 1977 for $2.7 million. Although the sales agreement did not separately value the realty, the deed stated that the consideration was $375,000.

Kazmer-Standish alleged it introduced Kratos to Schoeffel and brought suit to collect a $100,000 commission on the sale. In their motion for summary judgment, defendants claimed that the real estate brokers act, *N.J.S.A.* 45:15–1 to –29.5, bars recovery of a commission from the sale of real estate unless the person seeking the commission was a licensed real estate broker. *N.J.S.A.* 45:15–3. Relying on the statute, the trial court granted summary judgment for defendants.

In the second case, Victor Henry Associates, Inc. (VHA), a business broker not licensed to sell real estate in New Jersey, entered into a written agreement with Perma-Clad Products, a division of Temple Lumber Co., Inc., to act as the exclusive sales agent for the sale of the assets of Perma-Clad. The agreement, signed in September 1975, listed the business for $460,000 and provided for a 10% commission for VHA, but did not mention any real estate. In February 1976, the original agreement was amended by a letter agreement that valued the business at $305,709 and the real estate at $260,000. VHA further prepared a business analysis abstract that listed and assigned separate values to both the business and real estate assets.

Although VHA put potential buyers in touch with Perma-Clad's owners, the sellers and buyers negotiated independently for the sale of Perma-Clad. They circumvented VHA and reached an agreement for the sale of the business and the lease of the real estate with an option to purchase. The buyers urged the sellers to abrogate their agreement with VHA. Ultimately the buyers, incorporated as Perma-Clad Industries, Inc., agreed to indemnify sellers for any commission due VHA in return for a reduction in the purchase price.

The parties never informed VHA of the sale. When VHA learned of the sale from another client, it sued to recover a $24,300 commission (10% of the $243,000 purchase price for the business) and punitive damages for malicious interference with its contractual rights. At the close of the case, the trial court directed a verdict for VHA for the $24,300 commission and allowed the punitive damage issue to go to the jury, which rendered a verdict of $2,500 in favor of plaintiff.

█ Here, the question is whether business brokers should be treated like real estate brokers under the real estate brokers' act. The purpose of that act is to protect consumers by excluding "undesirable, unscrupulous and dishonest persons . . . from the real estate business." Statement to Assembly Bill 143 (1921). The act defines "real estate broker" to include any "person, firm or corporation who . . . assists or directs in . . . the negotiation or closing of any transaction which does or is contemplated to result in the sale . . . of any real estate . . . ." *N.J.S.A.* 45:15–3. Unless licensed, brokers may not bring an action in the courts to recover a real estate commission. *Id.* Other sections of the act are intended to assure the skill and integrity of licensed brokers in the sale of real estate. *N.J.S.A.* 45:15–9 (experience, education, character), –10.1 (education), –12.1 (integrity).

█ A business broker is one who, for a fee or commission, negotiates the transfer or sale of an ongoing business. Although the sale of a business frequently includes valuable real estate, the business broker concentrates on the transfer of the entire business. The transfer of a business can assume many forms, *e.g.*, a sale of assets, including real estate, or the transfer of stock. The transaction may also take many forms, such as a merger, consolidation, acquisition, or divestiture, and the purchase price may be paid in cash, other assets, securities, or other consideration.

Neither the words nor the history of the real estate brokers' act indicates that the act was intended to protect businessmen

from business brokers. Unlike the statutes of thirteen other jurisdictions, the New Jersey act does not expressly apply to the brokering of business opportunities.[1] Nonetheless, the former Court of Errors and Appeals ruled that a person may not collect any compensation for his role in the sale of a business that includes the transfer of a real estate interest unless, according to the terms of the commission agreement, that interest was divisible from the remainder of the sale. *Kenney v. Paterson Milk & Cream Co.*, 110 *N.J.L.* 141 (E. & A. 1933). In *Kenney*, plaintiff, who was not a licensed real estate broker, sought to recover a commission on the sale of a dairy business. The commission agreement, which did not specify separate values for the personalty and realty, anticipated the sale of the business as a going concern.

Some commentators have interpreted *Kenney* as precluding any commission to an unlicensed broker if the sale of a business includes any real estate. Note, "The Business Broker and the Oklahoma Licensing Code," 12 *Tulsa L.J.* 398, 404 (1976); Annot., "Necessity of Having Real Estate Broker's License in Order to Recover Commission as Affected by Fact that Business Sold Included Real Property," 82 *A.L.R.*3d 1139, 1144 (1978). As indicated, however, *Kenney* permits a broker to recover a commission on the personalty in the sale of a business that also includes real estate if the listing agreement apportions the commission between personalty and realty.

New Jersey courts have adhered consistently to the *Kenney* rule without re-examining its underpinning. *Corson v. Keane*, 4 *N.J.* 221 (1950) (unlicensed broker denied "finder's fee" for introducing mortgagor and mortgagee for construction loan);

---

[1]*See Cal.Bus. & Prof.Code* § 10131; *Colo.Rev.Stat.* § 12–61–101(2)(i); *D.C. Code Encycl.* § 45–1402; *Fla.Stat.Ann.* § 475.01 (effective Jan. 1, 1982); *Idaho Code* § 54–2022(A) (Supp.1981); *Mich.Stat.Ann.* § 18.425(2501)(a) (Supp. 1981–1982); *Minn.Stat.Ann.* § 82.17(c) (Supp.1981); *Nev.Rev.Stat.* § 645.030(i)(b); *Ore.Rev.Stat.* § 696.610; *S.D.Codified Laws Ann.* § 36–21–1.1 (3); *Utah Code Ann.* § 61.2–2; *Wash.Rev.Code Ann.* § 18.85.010(1) (Supp.1981); *Wis.Stat.Ann.* § 452.01(2)(d).

*Cohen v. Scola*, 13 *N.J.Super.* 472 (App.Div.1951) (unlicensed broker could not recover when short-term lease included in sale of luncheonette and restaurant business); *Solomon v. Goldberg*, 11 *N.J.Super.* 69 (App.Div.1950) (unlicensed broker could not enforce agreement to divide profit on sale of business including realty); *Minot v. Hoyt Bros., Inc.*, 53 *N.J.Super.* 332 (Law Div.1958) (out-of-state attorney not exempt from licensing requirement; not permitted to recover for brokering company assets); *Bierman v. Barthelmeus*, 24 *N.J.Misc.* 35 (D.Ct.1946) (no recovery when sale of retail business included lease). *But see Cohen v. Scola, supra*, 13 *N.J.Super.* at 477 (Bigelow, J., dissenting).

Although *Kenney* represents the majority rule, it has been criticized for failing to recognize that real estate licensing acts were intended to protect consumers in the residential housing market, and not businessmen. Comment, "Recovery of Commissions by Unlicensed Real Estate Brokers," 80 *Dickinson L.Rev.* 500, 522 (1976); Note, "The Business Broker and the Oklahoma Real Estate Licensing Code," *supra*, 12 *Tulsa L.J.* at 400–401. Some courts, while obligated to follow the *Kenney* rule, have criticized it as anachronistic. *Schultz v. Palmer Welloct Tool Corp.*, 207 *F.*2d 652, 653 (3 Cir. 1953) (although a commission denied under Pennsylvania law where real estate was only 2.5% of the total sale, court stated "there is good argument to be made" for the broker's position); *Burke v. Israel*, 264 *Pa.Super.* 286, 294, 399 *A.*2d 779, 783 (1979) (in affirming denial of commission on sale of coal interests, court stated "we may be depriving appellant of money he has truly earned . . . ."); *see also Thomas v. Jarvis*, 213 *Kan.* 671, 677, 518 *P.*2d 532, 537 (1974) (dissent). Indeed, in *Kazmer-Standish*, Judge King questioned the continuing validity of the *Kenney* rule in light of modern economic conditions. 177 *N.J.Super.* at 413.

In general, the minority rule is that business brokers may recover a commission even where real estate, although not separately identified in the listing agreement, is included in the sale of a business. Those states recognize that business brokers

deal generally, not with unsophisticated homeowners, but with sophisticated businessmen in complex transactions. *Schliep v. DeMaras*, 410 *F.Supp.* 1190, 1194 (D.D.C.1976). Two approaches, known as the New York and the Mississippi rules, allow commissions to business brokers. The New York rule permits a broker to recover a commission on the entire transaction if the transfer of real estate is not the dominant purpose of the sale. *Weingast v. Rialto Pastry Shop, Inc.*, 243 *N.Y.* 113, 152 *N.E.* 693 (1926). Under the Mississippi rule, if the sale of real estate is not the dominant purpose of the transaction, a broker may recover a commission on the personalty only. *Quick Shops of Mississippi, Inc. v. Bruce*, 232 *So.*2d 351 (Miss.1976). Cases following both of these approaches, as well as those following *Kenney*, are collected at Annot., "Necessity of Having Real Estate Broker's License in Order to Recover Commission as Affected by Fact that Business Sold Included Real Property," 82 *A.L.R.*3d 1139 (1978).

We believe it is appropriate to permit a business broker, although not licensed to sell real estate, to recover a commission on the portion of the sale of an ongoing business attributable to personal property even if the sale includes an interest in real estate. Accordingly, we modify the *Kenney* rule to permit suit on brokerage agreement for a commission on the sale of personalty not only where the personalty is separately evaluated in the brokerage agreement, but also where the valuation appears in the sales agreement or from surrounding circumstances. While brokers would be well advised to spell out separate values in their commission agreements, as *Kenney* would require, failure to do so should not defeat a legitimate claim. It would be unfair to deny an honest broker a commission on the personal property merely because he did not have a real estate license and the listing agreement failed to specify separate values of the realty and personalty. Of course, an unlicensed broker could not recover a commission on the real estate portion of the sale.

Both the New York and Mississippi rules deny a commission to a business broker unless personal property is the dominant

feature of the transaction. We believe, however, that a business broker should not be deprived of a commission merely because the value of the real estate is greater than the value of other assets in a going concern. The personalty of an ongoing business, even when it is less valuable than the real property, may be substantial and provide a basis for a significant commission. In the absence of a legislative direction that a business broker may not recover a commission, we believe it is more equitable and reasonable to permit recovery on that part of a sale of an ongoing business represented by personal property regardless of the relative value of real and personal property. Brokers should be paid when they perform in accordance with their agreement. We hold that honest brokers should not be deprived of a commission on the sale of personal property that they have produced.

We reverse the judgment of the Appellate Division in *Kazmer-Standish* and we remand the matter to the Law Division for a plenary hearing without taking any position on the merits. We affirm the judgment of the Appellate Division in *Perma-Clad.*

*For reversal and remandment in Kazmer-Standish and affirmance in Perma-Clad*—Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*Opposed*—None.