■ INTERGLOBAL REALTY CORP. et al., Appellants, v AMERICAN STANDARD INC., Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 15, 1990, which, *inter alia,* granted the motion by defendant American Standard Inc. for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, with costs. The appeal from the order of the same court and same Justice, entered on or about October 2, 1990, denying reargument, is dismissed as non-appealable, without costs.

Plaintiffs, licensed New York real estate brokers, neither of which is licensed to act as a broker in New Jersey, seek to collect a commission allegedly earned with respect to brokerage services rendered, in part, in the State of New Jersey, in procuring a potential buyer for an office building condominium owned by defendant American Standard Inc., in Piscataway, New Jersey.

Upon examination of the record, we find, as did the IAS Court, that plaintiffs' complaint was properly dismissed inasmuch as under New Jersey's licensing statute (NJ Stat Annot §§ 45:15-1, 45:15-3), brokers unlicensed in the State of New Jersey may not recover a commission on a transaction any part of which occurred in that State. *(Tanenbaum v Sylvan Bldrs.,* 29 NJ 63, 148 A2d 176.)

New Jersey's licensing provisions are triggered when a real estate broker performs a single act within New Jersey in connection with the rendering of brokerage services. *(Tanenbaum v Sylvan Bldrs.,* 148 A2d, *supra,* at 181.) We find that the New Jersey licensing statute, prohibiting commission suits by unlicensed brokers, therefore clearly applied to the underlying transaction since it is undisputed that plaintiff Berman escorted a potential buyer on an inspection tour of the New Jersey property.

Contrary to plaintiffs' assertions, New Jersey Statutes Annotated § 45:15-3.1 does not authorize a broker licensed in a foreign jurisdiction, but unlicensed in New Jersey, to maintain an action for a commission against the broker's customer if the broker has engaged a licensed New Jersey broker. Rather, by its own clear language, the statute only authorizes out-of-State brokers to accept a referral commission from New Jersey brokers and to enter into enforceable fee-splitting agreements. The only legal action authorized by that statute is an action by the licensed out-of-State broker against the New Jersey broker.

Finally, plaintiffs may not circumvent the New Jersey licensing statute by merely filing suit in another jurisdiction, such as New York, since "[t]he bar of the [New] Jersey statute requiring licensed actors in land brokerage transactions does not merely serve to 'close the doors' of the [New] Jersey courts (so that a suit in a separate jurisdiction such as New York could be maintained); rather it operates to extinguish the commission claim of the unlicensed plaintiff so that he cannot pursue his action anywhere" *(Collins Tuttle & Co. v Colgate-Palmolive Co.,* 114 Misc 2d 728, 729).

We have reviewed the plaintiffs' remaining contentions, and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.