■ Rosenberg & Rosenberg, P. C., Appellant, v David Hoffman et al., Respondents. [600 NYS2d 228] —Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered March 5, 1992, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the complaint reinstated, with costs.

Defendant Maplewood Tower Limited Partnership (the partnership) retained plaintiff, a New York law firm and licensed New York real estate broker, to secure financing in the amount of $19,900,000 in connection with the purchase of a New Jersey condominium; plaintiff was to receive a 1% commission. Plaintiff did obtain a commitment from Home Savings Bank of Brooklyn, but the partnership failed to obtain the required permits and the greater part of the loan was never advanced.

Plaintiff brought an action in the Superior Court of New Jersey for the commission, but its complaint was dismissed because the New Jersey licensing statutes precluded such action in a New Jersey court by a broker not licensed in New Jersey (NJ Stat Annot § 45:15-3). Plaintiff then brought an

action in the Supreme Court of New York, New York County. That court, although noting that res judicata did not bar the action, found that plaintiff was collaterally estopped from relitigating the choice of law, that the applicability of New Jersey Statutes Annotated § 45:15-3 barred the action, and that no adverse public policy warranted de novo review. The New Jersey decisions, however, were not decisive on choice of law. The Appellate Division of the Superior Court there noted: "In view of our decision that the New Jersey courts are closed to plaintiff, we need not advance an opinion whether plaintiff's remedies are foreclosed in other forums." *(Rosenberg & Rosenberg v Hoffman,* NJ Super Ct, App Div, Dec. 29, 1989, at 6, n 2.) This was the question which the court below declined to consider.

The court below relied on *Weston Funding Corp. v Lafayette Towers* (550 F2d 710, 715), but that decision was based on the conclusion that the New Jersey statute voided the cause of action and did not merely close the New Jersey courts to the plaintiff *(supra,* at 714), the conclusion specifically avoided by the Appellate Division of the Superior Court in the above plaintiff's decision. The requirement for collateral estoppel that the party seeking the benefit thereof "must prove that the identical issue was necessarily decided in the prior action" *(D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664) thus cannot be met in the instant case.

New York, too, has an interest here. Regarding this as a conflict of laws question and applying an "interests analysis" approach *(Matter of Istim, Inc. v Chemical Bank,* 78 NY2d 342, 348; *Schultz v Boy Scouts,* 65 NY2d 189, 197), the interest of New York in seeing that its licensed brokers are compensated on contracts arising from initial contacts in New York and made in New York for obtaining financing from whatever source and the fact that a New York source was found and the loan commitment issued and the loan agreement closed in New York would indicate the propriety of the application of New York law. But there is no real conflict of laws here, and reversal of the order of the court below does not violate principles of comity. Again, the Appellate Division of the Superior Court specifically left open the possibility that a court in another jurisdiction might find that plaintiff's remedies were not foreclosed. Concur—Murphy, P. J., Rosenberger, Kupferman, Kassal and Nardelli, JJ.