■ MADISON REALTY, INC., et al., Appellants, v BENCION NEISS, Respondent, et al., Defendants. [676 NYS2d 672] —In an

action to recover a real estate brokerage commission, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered April 9, 1997, which granted the motion of the defendant Bencion Neiss for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff Leo Zucker is a licensed New York real estate broker employed by the plaintiff Madison Realty, Inc., a New York brokerage firm. In early February 1995, Zucker informed the defendant Bencion Neiss that the Shawnee Beach Resort in Miami Beach, Florida, was for sale. Zucker subsequently registered Neiss as a potential purchaser for the property with the Florida real estate company representing the seller, and allegedly assisted Neiss in negotiating the purchase of the property for $20,000,000. After the closing, the plaintiffs commenced this action against several parties, including Neiss, contending that they were entitled to a commission for procuring the sale. Neiss subsequently moved for summary judgment, arguing that the plaintiffs were barred from recovering a commission under Florida law because they were not licensed brokers in that State. The Supreme Court found that Florida law was controlling because the subject transaction involved Florida realty, and granted Neiss's motion for summary judgment because Florida law prohibits unlicensed brokers from recovering compensation (see, Fla Stat Annot § 475.001). We affirm.

Under the " 'center of gravity' or 'grouping of contacts' choice of law theory applied in contract cases", the court must consider "the spectrum of significant contacts" with the transaction in dispute (Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 226). This approach requires traditional choice of law factors to be given "heavy weight" (Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], supra, at 226). In addition, the policies underlying conflicting laws in a contract dispute may also be considered in instances where they are readily identifiable and reflect strong governmental concerns (see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], supra, at 226).

Applying these principles here, we reject the plaintiffs' claim that their right to recover a commission for their alleged efforts in procuring the sale of Florida property should be governed by New York law. Under traditional choice of law analysis, " 'contracts referring to the transfer of title to land are governed by the law of the place where the land is situated' " (Andover Realty v Western Elec. Co., 100 AD2d 157, 162, affd 64 NY2d

1006, quoting *Stumpf v Hallahan,* 101 App Div 383, 386). Although the plaintiffs maintain that the instant dispute is separate and distinct from the Florida land transaction, it cannot be overlooked that they allegedly earned a commission by procuring a purchaser for Florida property. The record also discloses that the purchaser's offer for the property was made in Florida, and was directed to the Florida office of the seller's real estate agent. Furthermore, Florida has a strong interest in regulating the activities of real estate brokers who perform services in connection with the sale of Florida property (*see, Revac, S.A. v Wooward,* 550 So 2d 3 [Fla]; *Paris v Hilton,* 352 So 2d 534 [Fla], *cert denied sub nom. Paris v Cooper,* 441 US 931). Considering Florida's significant contacts with this litigation and its interest in the enforcement of its Real Estate Licensing Act, the Supreme Court properly concluded that the plaintiffs may not recover a commission for their alleged efforts in procuring the sale because they are not licensed in Florida (*see, Interglobal Realty Corp. v American Std.,* 174 AD2d 436; *Collins Tuttle & Co. v Colgate Palmolive Co.,* 114 Misc 2d 728; *cf., Rosenberg & Rosenberg v Hoffman,* 195 AD2d 343).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.