■ CHARLES H. GREENTHAL COMMERCIAL CORP., Appellant-Respondent, v EQUITY RESIDENTIAL PROPERTIES TRUST, Respondent-Appellant. [751 NYS2d 181] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered October 23, 2001, in an action to recover a real estate brokerage commission, awarding plaintiff $55,000, plus interest, costs and disbursements, unanimously affirmed, with costs.

Given plaintiff's acknowledgment that the parties never reached a meeting of the minds as to the amount of its commission, and that it performed most of the work necessary to the transaction during a time when it was expecting compensation only from the nonparty seller under a cobrokerage agreement with the seller's broker, the court properly decided, as a matter of law, that any compensation due plaintiff by defendant buyer was limited to the reasonable value of the services that plaintiff performed after it had waived its right to compensation from the seller (*see Heller v Kurz,* 228 AD2d 263, 264). Nor does plaintiff argue that the $55,000 it was awarded does not represent the fair and reasonable value of its post-waiver services.

Concerning the jurisdictional issue raised by defendant on the cross appeal, it appears that after plaintiff's waiver of compensation from the seller, defendant asked plaintiff to set up a meeting in New York with the seller's broker, at which meeting plaintiff claims that defendant's representative stated that defendant would pay plaintiff's fee. Since there is a substantial relationship between this New York meeting and plaintiff's claim that defendant's representative had agreed to pay a commission to plaintiff, the court properly determined that New York has jurisdiction over defendant (*see Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). Concerning the choice-of-law issue raised on the cross appeal, the trial court properly determined that Connecticut law did not apply and that, accordingly, plaintiff's claim was not barred by Connecticut's statutory requirements that a broker have a Connecticut license and that a brokerage agreement be in writing (Conn Gen Stat § 20-325a). While the property is located in Connecticut, this fact is outweighed by the numerous New York contacts, including New York's interest in seeing that its licensed real estate brokers are compensated (*see Rosenberg & Rosenberg v Hoffman,* 195 AD2d 343, 344; *Matter of Allstate*

*Ins. Co. [Stolarz]*, 81 NY2d 219, 226). We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Buckley, Sullivan and Lerner, JJ.