■ TDH-Berkshire Incorporated, Appellant, v Joseph Korff et al., Respondents. [823 NYS2d 20]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered August 29, 2005, dismissing the complaint upon the prior grant of summary judgment to defendants, unanimously affirmed, without costs.

Plaintiff's president, a real estate broker licensed in New York and Massachusetts but not in New Jersey, sought to recover a commission for his efforts in finding a purchaser for a parcel of New Jersey property owned by defendants. New Jersey precludes real estate brokers from bringing actions for the collection of brokerage commissions in their courts without alleging and proving that such brokers are duly licensed at the time that the cause of action arose (NJ Stat Ann § 45:15-3). Under the grouping-of-contacts analysis applicable in any choice-of-law situation (*see Equis Corp. v Mack-Cali Realty Corp.*, 6 AD3d 264, 266-267 [2004]), plaintiff contends that New York law should be applied to this case because he is licensed as a real estate broker here, defendants reside and are headquartered here, all information concerning the subject property came through defendants' New York offices, the final sale of the property was closed here, and New York has a paramount interest in seeing that its licensed brokers are compensated.

However, among the traditional factors in a choice-of-law analysis involving a property transaction, the heaviest weight is given to the location of the property being transferred (*id.* at 267). In light of the out-of-state locus of this property, as well as plaintiff's admission that over 100 meetings were held at the property site—well more than the "single act" required to trigger the application of the New Jersey licensing statute (*see Interglobal Realty Corp. v American Std.*, 174 AD2d 436, 436 [1991], *lv denied* 78 NY2d 858 [1991])—New Jersey law must apply. Plaintiff's claim is thus barred since he was not licensed as a real estate broker in New Jersey at the time the cause of action arose. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.