■ EXCEL REALTY ADVISORS, L.P., Appellant, v SCP CAPITAL, INC., et al., Respondents. [955 NYS2d 168]—

The plaintiff commenced this action to recover a real estate brokerage commission from a number of defendants allegedly involved in the sale of four properties located in Florida and two properties located in Texas (hereinafter the seller defendants), and damages for fraud from several other defendants who allegedly purchased the Florida and Texas properties (hereinafter the buyer defendants). The Supreme Court subsequently granted the separate motions of the various groups of the seller defendants and the buyer defendants to dismiss those causes of action asserted against each of them, respectively.

Contrary to the plaintiff's contention, the Supreme Court correctly determined that, under the circumstances of this case, the plaintiff's right to recover a commission for its alleged efforts in procuring the sale of properties in Florida and Texas should be governed by the law of those states, respectively (*see Madison Realty v Neiss*, 253 AD2d 482, 483 [1998]; *see also TDH-Berkshire Inc. v Korff*, 33 AD3d 437, 438 [2006]; *Equis Corp. v Mack-Cali Realty Corp.*, 6 AD3d 264, 267 [2004]; *cf. Rosenberg & Rosenberg v Hoffman*, 195 AD2d 343, 344 [1993]). In that regard, since the documentary evidence that the seller defendants SCP Capital, Inc., SCP 2009-C34, L.P., Landes Investments Group, Inc., and LLWG Capital, Inc. (hereinafter collectively the SCP defendants), submitted with their motion established that the plaintiff is not a licensed real estate broker in Florida or Texas, the plaintiff may not recover a real estate brokerage commission with respect to each of the transactions at issue under the laws of Florida and Texas, respectively (*see* Fla Stat Ann § 475.41; Tex Occ Code § 1101.806 [b] [1]). Accordingly, the Supreme Court properly granted that branch of the SCP defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action insofar as asserted against them based on a defense founded upon documentary evidence.

Moreover, although the Supreme Court properly granted those branches of the motions of the remaining seller defendants which were to dismiss the first cause of action insofar as asserted against each of them, we affirm on a ground other than that relied upon by the Supreme Court, specifically, the documentary evidence establishing that the plaintiff is not a licensed real estate broker in either Florida or Texas. The remaining seller defendants raised that ground before the Supreme Court, and as an alternative ground for affirmance on appeal (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544 [1983]).

With respect to the buyer defendants, the Supreme Court properly determined that they were entitled to dismissal of the fraud cause of action for failure to state a cause of action (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

In light of our determinations, we need not reach the parties' remaining contentions. Eng, P.J., Rivera, Florio and Roman, JJ., concur.