14-2776-cv
*Podlin v. Ghermezian*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fifteen.

PRESENT:    AMALYA L. KEARSE,
            DEBRA ANN LIVINGSTON,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

MARK J. PODLIN, PODLIN INTERNATIONAL REALTY LTD.,

        *Plaintiffs-Appellants*,

        v.                       No. 14-2776-cv

NADER GHERMEZIAN, DONALD GHERMEZIAN, RAPHAEL GHERMEZIAN, TRIPLE FIVE WORLDWIDE, TRIPLE FIVE GROUP LTD., ABC CORPORATIONS, 1-10, TRIPLE FIVE WORLDWIDE DEVELOPMENT CO. LLC, MEADOWLANDS DEVELOPMENT LLC, AMEREAM LLC, AMEREAM DEVELOPMENT, LLC, MEADOW A-B OFFICE, LLC, MEADOW C-D OFFICE, LLC, MEADOW ERC DEVELOPER, LLC, MEADOWLANDS ONE LLC, MEADOW BASEBALL, LLC, MEADOW HOTEL, LLC,

        *Defendants-Appellees,*

TRIPLE FIVE, L.L.C., TRIPLE FIVE PROPERTIES, LLC, TRIPLE FIVE NY, LLC, TRIPLE FIVE INT'L INC., TRIPLE FIVE HOLDINGS, L.L.C., NEW JERSEY SPORTS

AND EXPOSITION AUTHORITY, CHRIS CHRISTIE, GOVERNOR, COLONY CAPITAL, LLC,

*Defendants.*

FOR PLAINTIFFS-APPELLANTS:       RICHARD DE PALMA, Thompson Hine LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:       KENNETH W. TABER (ANDREW C. SMITH, *on the brief*), Pillsbury Winthrop Shaw Pittman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-Appellants Mark J. Podlin and Podlin International Realty (collectively, "Podlin") appeal from the District Court's July 29, 2014 judgment; they challenge the May 28, 2014 order dismissing their claims for, *inter alia*, ten percent of the value of the Xanadu shopping center project (now renamed American Dream@Meadowlands). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We review *de novo* the dismissal of a complaint under Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

A federal court sitting in diversity must apply the choice-of-law rules of the state in which the court is located; the district court thus properly applied New York choice-of-law principles. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). In New York, the first inquiry in a choice-of-law analysis is into the existence of an actual conflict of laws. *See Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). As regards New York and New Jersey, "[e]ach state requires that real estate brokers working in the respective state be licensed in order to bring actions for commissions," but Podlin "was licensed in New York only. Consequently . . . the application of each statute will lead to a different result: Under New York law, his claims are not barred," but under New Jersey law, they are. *Id.* at 394. "Because there is a conflict, we must resolve the choice-of-law issue, using New York choice-of-law principles." *Id.*

2

In contract suits, "the court evaluates the 'center of gravity' or 'grouping of contacts', with the purpose of establishing which state has 'the most significant relationship to the transaction and the parties.'" *Id.* (quoting *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 618 N.Y.2d 609, 612 (1994)). New York courts consider (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter, and (5) the domicile or place of business of the contracting parties. *See id.* In this case, the place of contracting and place of negotiation are both New York, the place of performance is New Jersey (and Edmonton, insofar as Podlin was physically located in Edmonton while he was calling and emailing people located in New Jersey), the location of the subject matter is also New Jersey, the domicile of Defendants is alleged in the complaint to be New York, and Podlin's domicile is Georgia. "In addition, the policies underlying conflicting laws in a contract dispute may also be considered in instances where they are readily identifiable and reflect strong governmental concerns." *Madison Realty, Inc. v. Neiss*, 676 N.Y.S.2d 672, 673 (App. Div. 1998). In this case, "the interest of New York in seeing that its licensed brokers are compensated*," Rosenberg & Rosenberg, P.C. v. Hoffman*, 600 N.Y.S.2d 228, 229 (App. Div. 1993), and New York's recognition of other states' "strong interest in regulating the activities of real estate brokers who perform services in connection with the sale of [in-state] property," *Madison Realty*, 676 N.Y.S.2d at 674, leave the case in equipoise.

In *Madison Realty*, a plaintiff who was a licensed New York real estate broker informed one of the defendants of the availability of certain real property in Florida and "assisted [that defendant] in negotiating the purchase of the property"; the plaintiffs thereafter sued to recover "a commission for procuring the sale." *Id.* at 673. The Appellate Division, Second Department, held that the plaintiff could not recover because he was not licensed as a real estate broker in Florida, and Florida had the most significant relationship to the case, placing heavy weight on the location of the property that gave rise to the claim. *Id.* at 673-74. In *Rosenberg & Rosenberg*, by contrast, the Appellate Division, First Department, held that the New York real estate broker plaintiff was entitled to sue for his commission for securing his client financing to purchase a condominium in New Jersey, even though the plaintiff was not licensed in New Jersey. 600 N.Y.S.2d at 229. The court emphasized that the contract arose "from initial contacts in New York and [was] made in New York," and that "a New York [financing] source was found and the loan commitment issued and the loan agreement closed in New York." *Id.* Finally, in *TDH-Berkshire Inc. v. Korff*, 823 N.Y.S.2d 20 (App. Div. 2006), a more recent case, the Appellate Division, First Department, held that the plaintiff could not recover a commission for successfully finding a purchaser for a parcel of New Jersey real estate, because he was licensed as a real estate broker in New York, but not New Jersey. *Id.* at 21. Although the client was domiciled in New York, "all information concerning the subject property came through defendants' New York offices, [and] the final sale of the property was closed here," the court stated that "the heaviest weight is given to the location of the property being transferred." *Id.* The court concluded that, "[i]n light of the out-of-state locus of this property, as well as plaintiff's admission that over 100 meetings were held at the property site . . . New Jersey law must apply." *Id.*

3

Unlike *Rosenberg & Rosenberg*, in which the location of the subject matter realty was really the only connection to New Jersey, this case includes extensive New Jersey involvement beyond the location of the Meadowlands. As far as appears from Podlin's complaint, nearly all of his performance of the contract was directed toward New Jersey and took place (at least partly) in New Jersey, since Podlin was calling and emailing people who were physically located there. Those contacts, in combination with *TDH-Berkshire*'s indication that the locus of the property is entitled to the heaviest weight, albeit not dispositive weight, demonstrate that the district court was correct in holding that New Jersey had the most significant relationship to the facts of this case, and consequently applying New Jersey law.

The New Jersey real estate broker licensing statute, N.J.S.A. 45:15-3, provides that "[n]o person . . . shall bring or maintain any action . . . for the collection of compensation for the performance of any of the acts mentioned in R.S. 45:15-1 et seq. without alleging and proving that he was a duly licensed real estate broker at the time the alleged cause of action arose," which Podlin cannot do. The "acts mentioned" are extremely broad; relevant for this appeal, the statute bars suits by a person who "attempts to negotiate a sale, exchange, purchase or rental of real estate or an interest therein . . . or assists or directs in the procuring of prospects or the negotiation or closing of any transaction which does or is contemplated to result in the sale, exchange, leasing, renting or auctioning of any real estate." N.J.S.A. 45:15-3. Podlin's actions in attempting to negotiate a takeover of the Xanadu project by Defendants fall within the ambit of the statute, and Podlin is thus barred from bringing an action to recover any compensation deriving from those actions.

Podlin's argument that he is seeking compensation under an employment contract, not seeking compensation for brokering a real estate transaction, is unavailing. Even drawing all factual inferences in Podlin's favor, it still appears from the allegations in Podlin's complaint that the primary purpose of his agreement with Triple Five was securing and redeveloping the Xanadu project. Defendants may have kept Podlin busy with other projects in between, but Podlin alleges facts that demonstrate that Defendants' only real interest in Podlin was his New Jersey political connections. Podlin himself alleges that the primary focus of his work was the Meadowlands deal, and he also alleges facts indicating that Defendants saw him as a consultant, not an employee, and treated him accordingly. In fact, Podlin quotes a statement from Nader Ghermezian that seems to indicate that the entire contract itself was contingent on Podlin securing the Meadowlands project for Triple Five. And even Podlin admits that his "salary" was "an artificially low figure designed only to meet minimal living costs." Am. Compl. ¶ 76. Ultimately, the work for which Podlin seeks to be compensated through this suit is not whatever work he may have done on Triple Five's projects in Libya or the Congo – he seeks to recover damages with respect to the Meadowlands deal, and nothing else.

Second, Podlin argues that, when a plaintiff brokers a deal that includes the sale or lease of both personalty and realty, the New Jersey real estate broker licensing statute only bars suit as to the

4

recovery of compensation traceable to the realty. Podlin is correct. In *Kazmer-Standish Consultants, Inc. v. Schoeffel Instruments Corp.*, 445 A.2d 1149 (N.J. 1982), the Supreme Court of New Jersey held that, when a broker not licensed as a real estate broker negotiates the sale of an entire business, which includes some realty and some personalty, the broker may "recover a commission on the portion of the sale of an ongoing business attributable to personal property even if the sale includes an interest in real estate." *Id.* at 1152. Podlin's complaint, however, fails to allege that there was any personalty involved in the Xanadu deal. His complaint focuses entirely on the realty involved. We must, of course, draw all reasonable factual inferences in his favor – but we may not read allegations into his complaint that are not there. Thus, the New Jersey real estate broker licensing statute bars Podlin's claim for his commission in its entirety, whether pled in contract, unjust enrichment, or quantum meruit, and the district court properly dismissed those claims.

We also affirm the district court's dismissal of Plaintiffs-Appellants' remaining claims for substantially the reasons stated by the district court in its well-reasoned opinion and order.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the District Court's judgment.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5