■ GG MANAGERS, INC., Respondent, v FIDATA TRUST COMPANY NEW YORK et al., Appellants. [626 NYS2d 488] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered August 2, 1993, which, *inter alia,* granted plaintiff summary judgment pursuant to CPLR 3212 against defendants Fidata Trust Company New York ("FTCNY"), Fidata Corporation ("FC") and Advanced Medical Inc. ("AM") in the amount of $108,484.18, together with interest, on the first and second causes of action of the amended complaint, and which granted plaintiff's motion pursuant to CPLR 3211 (a) (5) to dismiss the defendants' counterclaims, unanimously affirmed, with costs.

The prior decision denying the defendants' CPLR 3211 motion to dismiss the plaintiff's original complaint on the same Statute of Limitations grounds raised on the present appeal, which was unanimously affirmed by this Court (191 AD2d 338), bars relitigation of the Statute of Limitations claims *(Masterson v Valley Natl. Bank,* 70 Misc 2d 623).

The Indemnification Agreement, upon which plaintiff's contract causes of action are based, needed no new consideration

to be enforceable against its signatories under General Obligations Law § 5-1103. The Indemnification Agreement was merely a modification of earlier Letter Agreements between the plaintiff and defendant FTCNY. A written, signed agreement to discharge or modify an existing obligation is not rendered invalid because of the absence of consideration (General Obligations Law § 5-1103; *Columbia Lithographic Co. v Duenewald Print. Corp.,* 90 NYS2d 886, 887).

The Indemnification Agreement is, in any event, a valid and enforceable contract supported by consideration. In executing the prior July 31, 1984 Letter Agreement, and agreeing to pay for FTCNY's defense in the Maryland action, plaintiff promised to do something it was not legally obligated to do and defendant FTCNY therefore obtained a benefit from the plaintiff to which it was not previously entitled *(Richman v Brookhaven Servicing Corp.,* 80 Misc 2d 563).

Defendants FC and AM are proper parties to the underlying action and liable for defendant FTCNY's debts. On November 14, 1989, those defendants executed an Assumption Agreement, wherein FC and AM expressly agreed in writing to assume all present and future liabilities of FTCNY, including the reimbursement claims of the plaintiff herein, to the extent that FC and/or AM received distributions of FTCNY's assets *(Schumacher v Richards Shear Co.,* 59 NY2d 239; *Hartford Acc. & Indem. Co. v Canron, Inc.,* 43 NY2d 823).

The IAS Court also properly dismissed defendants' three counterclaims for breach of contract, promissory estoppel and for fraud. These are all premised solely upon plaintiff's alleged failure to inform defendant FTCNY that plaintiff would no longer fund any defense costs in the Maryland action as a result of a Maryland judgment finding FTCNY liable for negligence. The record reveals, and defendants concede, that the plaintiff had advised the Maryland attorneys representing FTCNY of its decision not to fund any defense costs prior to December of 1986 when FTCNY paid its share of the Maryland judgment. The defendants are therefore deemed to have had notice of the plaintiff's decision to curtail the funding *(Application of Savoy [MVAIC],* 232 NYS2d 396, *affd* 22 AD2d 855).

Defendants' counterclaims seek to raise anew the same material facts and questions that FTCNY had raised before the Southern District of New York and the Second Circuit Court of Appeals in their prior New York Federal action. Defendants had a full and fair opportunity, and did, in fact,

litigate the material facts and questions raised in their counterclaims before those forums, they are therefore collaterally estopped from relitigating the facts set forth in their amended counterclaims *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 70). Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.