**HAYWIN TEXTILE PRODUCTS, INC., Plaintiffs,**

**v.**

**INTERNATIONAL FINANCE INVESTMENT and Commerce Bank Limited, Defendants.**

**No. 00 Civ. 8633(RLC).**

United States District Court, S.D. New York.

April 9, 2001.

Foreht Last Landau Miller & Katz LLP, New York, NY (Richard S. Last, of counsel), for plaintiff.

Martin L. Brothers, New York, NY (Martin L. Brothers), for Defendant.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant International Finance Investment and Commerce Bank Limited,

("IFIC") moves to dismiss the complaint filed by plaintiff Haywin Textile Products, Inc. ("Haywin") for (1) failure to state a claim upon which relief can be granted (pursuant to Rule 12(b)(6), F.R. Civ. P.) and (2) for forum non conveniens. IFIC also urges the court to vacate the temporary restraining order which was obtained by Haywin in New York state court. Haywin opposes this motion.[1]

## BACKGROUND

In considering a motion to dismiss, the court must "accept as true all of the factual allegations set out in plaintiff's complaint." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000). Haywin alleges the following facts. Haywin is a corporation organized under the laws of New York with its principal place of business located in New York City. (Compl.¶ 1.) IFIC is a privately owned foreign banking institution which is headquartered in Bangladesh and has branch offices in that country. (*Id.* ¶ 2.)

In 1992, Haywin commenced a civil action in the Superior Court of New Jersey, Essex County, Law Division, against several parties. (*Id.* ¶ 5.) One of the defendants in that action was a corporation named Azmat Bangladesh Ltd. ("Azmat"). (*Id.* ¶ 5.) Azmat is organized under the laws of Bangladesh and has its principal place of business in that country. (*Id.* ¶ 3.) Azmat initially appeared in the New Jersey action and filed an answer and alleged counterclaims. (*Id.* ¶ 6.) Eventually, on January 14, 1994, Haywin was awarded a default judgment against Azmat in the amount of $1,089,080.30 plus post-judgment interest. (*Id.* ¶ 6.)

Haywin then filed suit against Azmat in Bangladesh for enforcement of the New Jersey judgment. (*Id.* ¶ 7.) IFIC, among others, was also named as a defendant in the Bangladeshi action. (*Id.* ¶ 7.) On May 3, 1995, IFIC and Azmat (along with several other parties) entered into a "Deed of Agreement" ("Agreement"). (*Id.* ¶ 8.) The Agreement provided that because Azmat was in default for a debt owed IFIC, IFIC would transfer all 5000 Azmat shares to its name, and IFIC would become the new owner of Azmat. (*Id.* ¶ 9.) Clause 1 of the Agreement stated: "IFIC Bank and the newly constituted Board of Directors of [Azmat] will assume full responsibility of [Azmat] for all purpose [*sic*] including towards payment of its past and future liabilities if any till the legal liquidation of [Azmat]." (*Id.* ¶ 11.) There has not yet been a "legal liquidation" of Azmat. (*Id.* ¶ 12.)

Haywin filed suit in New York state court against IFIC. In its complaint, Haywin seeks reimbursement under two theories. In its first cause of action, it seeks payment of Azmat's debt under the theory that IFIC breached its contractual obligation to assume responsibility for Azmat's obligations. In other words, Haywin argues that it is a third party beneficiary of the Agreement. In the second cause of action, Haywin attempts to establish liability under a theory that IFIC was a successor in interest to Azmat. Haywin contends that when IFIC took control of all shares of Azmat stock and business operations, it also took over responsibility for Azmat's liabilities. Haywin also sought, and secured from the New York court, an ex parte temporary restraining order which applied to IFIC's bank accounts lo-

---

1. In connection with its response to IFIC's motion to dismiss, Haywin filed a cross-motion for summary judgment pursuant to Rule 56, F.R. Civ. P. As the court instructed both parties, it will stay Haywin's motion for summary judgment pending the resolution of IFIC's motions.

cated in New York. (Pl.'s Notice of Cross Motion, Ex. 1.) On November 13, 2000, IFIC removed the New York action to federal court pursuant to 28 U.S.C. § 1441.

## DISCUSSION

■■■ The court has subject matter jurisdiction based upon the diversity of citizenship of the parties. *See* 28 U.S.C. § 1332. For purposes of determining diversity, Haywin is a citizen of New York and IFIC is a citizen of Bangladesh. The amount in controversy exceeds $75,000.[2]

## I

IFIC's first argument in support of dismissing the complaint is that Haywin fails to state a claim upon which relief may be granted. *See* Rule 12(b)(6), F.R. Civ. P. IFIC contends that applying New York's choice of law principles, Bangladeshi law should govern the resolution of this dispute. It argues further that Bangladeshi law does not recognize third party beneficiaries, and that Haywin's first cause of action against IFIC is therefore untenable. (Def.'s Mem. at 6–7.) IFIC also contends that Bangladeshi law would not sustain Haywin's second cause of action for liability as a successor in interest. (*Id.* at 9.) To support these conclusions, IFIC offers an affidavit from Dr. M. Zahir, an attorney practicing in Bangladesh and a purported expert on the law of that country. In Zahir's opinion, under Bangladeshi law, one must have been a party to a contract and provided some form of consideration

before he can seek relief under that contract. (Def.'s Motion to Dismiss, Zahir Aff. ¶ 4.)

■■■ In analyzing this issue, the court must decide first whether Bangladeshi law applies to this dispute. "Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply New York's choice-of-law rules." *Alderman v. Pan Am World Airways,* 169 F.3d 99, 103 (2d Cir.1999) (citing, *inter alia, Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). The court's first task in determining which law to apply is to ascertain whether there is indeed a conflict between the laws of the relevant jurisdictions. *See In Matter of Allstate Ins. Co. v. Stolarz et. al.,* 81 N.Y.2d 219, 597 N.Y.S.2d 904, 905, 613 N.E.2d 936 (1993). New York courts recognize, in certain circumstances, the right of a nonparty to a contract to bring a claim relying upon that contract as a third party beneficiary. *See Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc., et al.,* 66 N.Y.2d 38, 495 N.Y.S.2d 1, 4–5, 485 N.E.2d 208 (1985). IFIC contends, based upon its expert's interpretation, that Bangladeshi law does not recognize such a right.

■■■ When an issue of foreign law has been raised, the court is permitted to make a determination of that law as a matter of law. *See* Rule 44.1 F.R. Civ. P.; *Anglo American Ins. Group, P.L.C. v. CalFed, Inc.,* 899 F.Supp. 1070, 1076 (S.D.N.Y.1995) (Carter, J.). The court

---

2. IFIC seems to suggest for the first time in its reply memorandum of law that New York courts lack personal jurisdiction over IFIC. (Def.'s Reply Mem. at 2.) To the extent that it is making such a suggestion, it is untimely. It is well settled that courts should not consider arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party. *See Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 142 (2d Cir.1999). Furthermore, "[a] defendant who wishes to raise the defense of no personal jurisdiction ... must do so in its first defensive move, be it a Rule 12 motion or an answer." *Hartling v. Woodloch Pines, Inc.,* 97 Civ. 2587(JSM), 1998 WL 575138,*1 (S.D.N.Y. Sept. 8, 1998) (Martin, J.) (citations omitted). In this case, lack of personal jurisdiction was not raised in IFIC's Rule 12 motion.

may rely upon its own research and any submissions from the parties when considering foreign law. *See Ackermann v. Levine*, 788 F.2d 830, 838 n. 7 (2d Cir.1986). In fact, "federal judges may reject even the uncontradicted conclusions of an expert witness and reach their own decisions on the basis of independent examination of foreign legal authorities." *Curtis v. Beatrice Foods, Co.*, 481 F.Supp. 1275, 1285 (S.D.N.Y.) (Pollack, J.), *aff'd*, 633 F.2d 203 (2d Cir.1980).

 IFIC has failed to adequately identify Bangladeshi law. IFIC's expert on Bangladeshi law, Zahir, cites several cases, both English and Bangladeshi, and several legal treatises in support of his conclusions. Copies of these authorities, however, are not attached to Zahir's affidavit and they cannot be obtained easily by either Haywin or the court. The court wishes to review these authorities before evaluating Zahir's expert opinion. In addition, the issue of whether IFIC could be liable under Bangladeshi law for Azmat's debts under the theory that IFIC now owns and/or controls Azmat (i.e. Haywin's second cause of action) receives only a cursory analysis in Zahir's affidavit. If IFIC wishes to support its contention that Bangladeshi and New York law differ in this respect, a more extensive exploration of this issue is necessary. Therefore,

IFIC's motion to dismiss for failure to state a claim upon which relief may be granted is stayed pending additional submissions from the parties regarding Bangladeshi law.[3]

## II

 IFIC also moves to dismiss the complaint on the grounds of forum non conveniens. Generally, a plaintiff's choice of forum is accorded deference and will be set aside only if it would be overly oppressive or vexatious to the defendant. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). This is especially true when the plaintiff brings suit in his home forum. *See Koster v. Lumbermens Mut. Cas., Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). IFIC, therefore, bears a heavy burden in sustaining its motion.

 In analyzing IFIC's motion, the court must first determine whether the plaintiff would have another forum in which to litigate the issue, should the court dismiss the present complaint. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Assuming there is another forum, the court must decide whether it would be more appropriate for a court in that forum

---

**3.** Under New York choice of law rules for contract disputes, the court should look to the "grouping of contacts," such as the place of contracting and performance, the domicile of the parties, etc. *See Auten v. Auten*, 308 N.Y. 155, 124 N.E.2d 99 (1954). Despite the parties' contentions, an analysis of which forum has the stronger interest in having its law applied is generally reserved for choice of law questions in the tort context. *See Stolarz*, 597 N.Y.S.2d at 907, 613 N.E.2d 936. Nevertheless, if well settled and clearly identifiable policy interests are implicated by the choice of law question, these policies can be relevant even in a contract dispute. *See Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d

372, 300 N.Y.S.2d 817, 825–28, 248 N.E.2d 576 (1969). Thus, in providing additional information with regard to Bangladeshi law, the parties may wish to elaborate on the policies implicated by both the New York and Bangladeshi laws regarding third party beneficiaries and liability as a successor in interest. (The court notes that, contrary to Haywin's suggestion, denial of a remedy to a New York plaintiff, while relevant, is not determinative of the choice of law issue. *See, e.g., Madison Realty, Inc. v. Neiss*, 253 A.D.2d 482, 676 N.Y.S.2d 672 (2d Dept.1998) (applying Florida law even though it denied New York real estate broker's recovery of a fee.))

to hear the case. In *Gilbert*, the United States Supreme Court outlined the issues a district court should explore in determining whether to dismiss a complaint for forum non conveniens.[4] *Gilbert*, 330 U.S. 501, 67 S.Ct. 839. A court should analyze factors relevant both to the public interest of the community and the private interests of the litigants. *See id.* at 508–09, 67 S.Ct. 839. Important considerations regarding the private interests of the litigants "are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 508, 67 S.Ct. 839. Considerations of public interest include allowing local controversies to be decided locally, preventing further congestion of overly crowded courts, and having foreign courts decide issues implicating foreign law. *See id.* at 508–09, 67 S.Ct. 839. These public and private factors are to be applied in a flexible manner with no single factor being determinative. *See id.* at 508, 67 S.Ct. 839; *Piper*, 454 U.S. at 249, 102 S.Ct. 252.

■ In this case it is questionable whether Haywin will have an alternative forum in Bangladesh. IFIC bears the burden of demonstrating that such a forum exists. *See Borden Inc. v. Meiji Milk Products Co., Ltd.*, 919 F.2d 822, 828 (2d Cir.1990). IFIC notes that Haywin has already filed suit in Bangladesh and has included IFIC as a defendant in that action. But IFIC also acknowledges that Haywin's claims here are not yet a part of that action. (Def.'s Mem. at 12.)

■ IFIC has failed to demonstrate that Haywin's claims could be prosecuted in Bangladesh. In fact, it argues that Bangladeshi law would prohibit Haywin's claims. The United States Supreme Court held in *Piper* that preferable law in the plaintiff's chosen forum will not justify, in and of itself, denial of a motion for forum non conveniens dismissal. *Piper*, 454 U.S. 235, 102 S.Ct. 252. The Court, however, was careful to note that "[o]f course, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight ..." *Id.* at 254, 102 S.Ct. 252. The Court explained that "where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement [of the existence of an alternative forum] may not be satisfied." *Id.* at 254 n. 22, 102 S.Ct. 252.

■ Even assuming, arguendo, that Bangladesh did provide an appropriate alternative forum to Haywin, however, the court still finds that a forum non conveniens dismissal is unwarranted. Analyzing the private interest factors outlined in *Gilbert*, IFIC has failed to identify with specificity the witnesses who will be necessary to litigate this action but whose presence in a New York court will be difficult to secure. Such identification is generally required for a forum non conveniens dismissal. *Cf. Pilates Inc. v. Pilates Institute, Inc.*, 891 F.Supp. 175, 183 (S.D.N.Y.1995) (Wood, J.) (analyzing domestic venue transfer pursuant to 28 U.S.C. § 1404). Furthermore, the court's role in determining IFIC's liability will focus mainly on the

---

4. The Court in *Gilbert* dismissed a claim brought in New York after finding that Virginia provided a more appropriate forum. Such a dismissal would be improper today in light of the federal venue transfer statute, 28 U.S.C. § 1404(a). The federal doctrine of forum non conveniens is therefore limited to cases involving a foreign party. *See American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994).

Agreement and what obligations to Haywin it may have imposed on IFIC. The use of witness testimony therefore likely will not play a significant role in this matter.

As for the public interest considerations, court congestion is not a factor which supports dismissal. Furthermore, this litigation is a cosmopolitan one, involving parties from different continents, a contract executed in Bangladesh and a judgment entered in New Jersey. This is hardly a local controversy which should be decided by a particular locality. Admittedly, in the event that Bangladeshi law does govern this dispute, it would be more efficient for a Bangladeshi court to handle this matter. However, in light of the strong presumption of deference to the plaintiff's choice of its home forum, this single factor is insufficient to justify a forum non conveniens dismissal.

The court appreciates that litigating this matter in New York will be onerous for IFIC. Nevertheless, because the parties are from different countries, this litigation will be a burden for one party regardless of where it is held. IFIC has failed to satisfy the requirements for a forum non conveniens dismissal.

### III

Finally, IFIC asks the court to set aside the temporary restraining order issued by the New York Supreme Court freezing IFIC's New York bank accounts. In this case, an order of attachment was never issued by the state court because IFIC removed the case on the same date that the New York court was to entertain a hearing on the order to show cause, November 13, 2000. Both parties stipulated that the temporary restraining order "shall remain in effect pending a hearing and any further determination that may hereafter be ordered by this Court." (Stip. and Order, dated Nov. 21, 2000.) That stipulation was so ordered by the court. *Id.*

A relevant factor to the consideration of both an order of attachment and a preliminary injunction is the plaintiff's probability of success on the merits.[5] IFIC's chief argument against any provisional remedy is that Bangladeshi law should govern this case and that under Bangladeshi law, Haywin does not enjoy a likelihood of success on the merits. Haywin counters by arguing that under New York law, not only does it have a probability of success on the merits, but it is entitled to summary judgment. Resolution of this issue is premised, therefore, upon a decision as to whether Bangladeshi or New York law should apply. The court is not in a position to grant an order of attachment or a preliminary injunction before having a better understanding of Bangladeshi law. As such, the court will further extend the temporary restraining order issued by the

---

**5.** Orders of attachment are governed by Rule 64, F.R. Civ. P., which authorizes the court to provide such a remedy "in the manner provided by the law of the state in which the district court is held...." New York law requires a showing of a probability of success on the merits before approving an order of attachment. *See* N.Y. C.P.L.R. § 6212(a). Rule 65, F.R. Civ. P., governs the issuance of preliminary injunctions. In a diversity case, "although federal law determines the standard for issuing [a preliminary] injunction, state law determines whether the state law cause of action can support an injunction." *John Paul Mitchell Systems v. Quality King*, 106 F.Supp.2d 462, 478 (S.D.N.Y.2000) (Stein, J.). Both federal and New York law also require a showing of a probability of success on the merits as a prerequisite to the issuance of preliminary injunctions. *See Atchison, Topeka & Sante Fe Ry. Co. v. Wichita Bd. of Trade*, 412 U.S. 800, 821, 93 S.Ct. 2367, 37 L.Ed.2d 350 (1973) (federal law); *Aetna Ins. Co. v. Capasso*, 75 N.Y.2d 860, 552 N.Y.S.2d 918, 919, 552 N.E.2d 166 (1990) (New York law).

Supreme Court of the State of New York pending the court's decision as to the applicability of Bangladeshi law.

## CONCLUSION

IFIC's motion to dismiss for forum non conveniens is denied. Its motion to dismiss for failure to state a claim upon which relief may be granted is stayed pending the submission of additional evidence regarding Bangladeshi law. At a minimum, IFIC shall submit, with notice to Haywin, copies of the precedent relied upon by its expert. IFIC is free to supplement its prior submissions with any additional material that it believes supports its conclusions regarding the Bangladeshi law of third party beneficiaries and successors in interest, as well as the applicability of that law to this case. IFIC's submissions shall be filed with the court before the close of business on May 4, 2001. Haywin will then be permitted to respond to these submissions through a memorandum of law and/or through affidavits of its own. This response should be filed with the court no later than the close of business on May 25, 2001. The temporary restraining order issued by the Supreme Court of the State of New York remains is full effect pending further order by the court.

**IT IS SO ORDERED.**