10-1981-cv
Skalafuris v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand eleven.

PRESENT:

> Dennis Jacobs,
> > *Chief Judge,*
> Robert D. Sack,
> Reena Raggi,
> > *Circuit Judges*.

_____

Angelo J. Skalafuris,

> *Plaintiff-Appellant,*

> v.                                          10-1981-cv

City of New York, New York City College
of Technology,

> *Defendants-Appellees.*

_____

APPEARING FOR APPELLANT: ANGELO J. SKALAFURIS, *PRO SE*, MOUNT VERNON, NY.

APPEARING FOR APPELLEES: PATRICK J. WALSH, ASSISTANT SOLICITOR GENERAL; NEW YORK, NY (Eric T. Schneiderman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Michael S. Belohlavek, Senior Counsel, on brief).

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Angelo J. Skalafuris, pro se, appeals from the District Court's dismissal of his age-discrimination complaint. The District Court concluded that his claim under New York State Human Rights Law, N.Y. Exec. Law §§ 290-301, was barred by the election-of-remedies limitation of that statute, id. § 297(9), and that his claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA"), was barred by Eleventh Amendment sovereign immunity. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court's review of a district court's grant of a

2

motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is de novo. Poulin v. Balise Auto Sales, Inc., 647 F.3d 36, 39 (2d Cir. 2011). With regard to a district court's dismissal of a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), as well as a dismissal predicated on sovereign immunity, we review factual findings for clear error and legal conclusions de novo. Filler v. Hanvit Bank, 378 F.3d 213, 216 (2d Cir. 2004); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Upon such review, we conclude that Skalafuris's arguments on appeal are without merit for substantially the reasons articulated by the District Court in its well-reasoned decision. See Skalafuris v. City of N.Y., No. 09 Civ 5693(SAS), 2010 WL 1050299 (S.D.N.Y. Mar. 22, 2010).

New York's Human Rights Law provides an election-of-remedies limitation, which bars a person who has "filed a complaint hereunder [with the New York State Division of Human Rights] or with any local commission on human rights" from filing a lawsuit for the same cause of action. N.Y. Exec. Law § 297(9). The election-of-remedies provision applies to actions in federal court as well as state court. York v. Assoc. of Bar of City of N.Y., 286 F.3d 122, 127 (2d Cir. 2002); see also McGullam v. Cedar Graphics, Inc., 609

3

F.3d 70, 74 n.3 (2d Cir. 2010) ("'[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim.'") (quoting Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 884 (2d Cir. 1995)).

Skalafuris contends that he "involuntarily" submitted his Human Rights Law claim to the Human Rights Division as a prerequisite to bringing his ADEA suit. See Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 328–29 (2d Cir. 1999). However, Skalafuris could have, but did not, request that the New York Division of Human Rights dismiss his complaint so that his Human Rights Law claim could have been pursued in court. See N.Y. Exec. Law § 297(9). The ADEA does not require that a litigant complete the administrative process, so long as the charges were pending for at least 60 days prior to commencement of suit. See 29 U.S.C. §§ 626(d) (pending with the Equal Employment Opportunity Commission), 633(b) (pending with the relevant state agency or department); accord McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 215 (2d Cir. 2006). Moreover, the ADEA does not alter the jurisdiction of state agencies with respect to claims arising under state law. See 29 U.S.C. § 633(a).

Skalafuris's ADEA claim is barred by sovereign immunity. The "senior colleges" of City University of New

4

York are arms of the state for purposes of sovereign immunity, Clissuras v. City Univ. of New York, 359 F.3d 79, 82 (2d Cir. 2004) (per curiam), and the New York City College of Technology is by definition a "senior college," N.Y. Educ. Law § 6202(5). The New York City College of Technology as well as the City University of New York are, therefore, entitled to sovereign immunity here unless Congress has properly exercised its authority under Section Five of the Fourteenth Amendment to abrogate the colleges' sovereign immunity or unless the defendants waived immunity.

In Kimel v. Fla. Bd. of Regents, the Supreme Court considered whether Congress properly abrogated state sovereign immunity under the ADEA and concluded that Congress's attempt to do so was not a valid exercise of its powers under Section Five of the Fourteenth Amendment. 528 U.S. 62, 82-83, 86, 91-92 (2000). So, the States' sovereign immunity in the area of age discrimination remains intact. Skalafuris attempts to save his ADEA claim by arguing that the Fourteenth Amendment is "superior" to the Eleventh Amendment because it was enacted later in time. The "Supreme Court['s] Eleventh Amendment jurisprudence," however, "leaves no room for the notion that the later amendment simply erased the earlier," Santiago v. N.Y.S. Dep't of Corr. Servs., 945 F.2d 25, 28 (2d Cir. 1991); and

5

_Kimel_, 528 U.S. at 82-92, makes clear that the States' sovereign immunity was not abrogated by the ADEA, even though it was purportedly enacted pursuant to Congress's authority under the Fourteenth Amendment.

Skalafuris argues that the City University of New York and New York City College of Technology waived their immunity to suit by accepting federal funds. "Although Congress may, pursuant to its spending power, extract a constructive waiver of . . . [sovereign] immunity by placing conditions on the grant of funds . . . , waiver based on participation in a federal program will be found only if stated in '"express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction."'" _McGinty v. New York_, 251 F.3d 84, 95 (2d Cir. 2001) (quoting _Fla. Dep't of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n_, 450 U.S. 147, 150 (1981) (_per curiam_)) (quoting _Edelman v. Jordan_, 415 U.S. 651, 673 (1974)). Skalafuris has identified no such condition on any federal funds received by these state institutions nor are we aware of any. Accordingly, Skalafuris has not adequately averred a waiver of sovereign immunity sufficient to permit his ADEA claim to proceed.

Finally, we reject Skalafuris's remaining contentions on appeal as they are without merit.

6

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk