ELIZABETH A. WOLFORD, United States District Judge *698 INTRODUCTION
Plaintiff Phyllis Jiles ("Plaintiff"), pro se , brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New York State Human Rights Law, New York Executive Law § 290 et seq. ("NYSHRL"), alleging that her former employer, the Rochester Genesee Regional Transportation Authority ("Defendant"), retaliated against her by failing to rehire her for an open position. (Dkt. 1). Presently before the Court is Defendant's motion to dismiss. (Dkt. 7). For the following reasons, Defendant's motion is granted in part and denied in part.
BACKGROUND
I. Factual Background
The following alleged facts are drawn from Plaintiff's complaint and the attached exhibits. On March 1 and 7, 2016, Defendant was accepting applications for a customer service position. (Dkt. 1 at 5). Plaintiff, who was first employed by Defendant on March 24, 2004 and laid off on May 30, 2014, applied for the open position online, but Defendant blocked her email address. (Id. at 2, 4-5; see Jiles v. Rochester Genesee Reg'l Transp. Auth. , 217 F.Supp.3d 688, 689 (W.D.N.Y. 2016) ). Plaintiff then created a "fake email address to test the website" and, after applying with the fake email address, received a message stating her application had been received. (Dkt. 1 at 5).
Attached to Plaintiff's complaint are a Determination and Order by the New York State Division of Human Rights ("NYSDHR"), dated February 13, 2017, and a notice of dismissal and right to sue by the U.S. Equal Employment Opportunity Commission adopting the NYSDHR's findings, dated March 16, 2017. (Id. at 7-8, 9). According to the NYSDHR Determination and Order, Plaintiff filed a verified complaint with the NYSDHR on August 23, 2016, charging Defendant with "discrimination/retaliation, race/color" in violation of the NYSHRL. (Id. at 7). After investigating the complaint, the NYSDHR found no probable cause to believe Defendant engaged in discrimination or retaliation. (Id. ).
The NYSDHR Determination and Order states that Plaintiff previously worked for Defendant as a "Scheduler" and filed a prior NYSDHR racial discrimination complaint against Defendant in April of 2015. (Id. ). In November of 2015 and March of 2016, Plaintiff applied for an "Access Scheduler" position with Defendant, but was not rehired. (Id. ). Regardless of whether Defendant blocked Plaintiff's email address, the NYSDHR found that Plaintiff submitted, and Defendant received, paper applications. (Id. ).
The NYSDHR also noted that, according to Defendant, Plaintiff's prior position as a "Scheduler" entailed office work rather than customer service work and Plaintiff lacked customer service experience required for the "Access Scheduler" position. (Id. ). Correspondingly, the NYSDHR found that Plaintiff was not better qualified than the candidates selected for the "Access Scheduler" positions. (Id. ). Additionally, the employee responsible for reviewing applications for Defendant asserted that she was hired after Plaintiff's first complaint and denied knowledge of Plaintiff's prior complaint at the time of her applications. (Id. at 8).
*699 II. Proceedings in this Court
Plaintiff filed her original complaint in this action on June 2, 2017, claiming Defendant both discriminated and retaliated against her by terminating her employment and by failing to rehire her for the open "Access Scheduler" position. (Dkt. 1). By order dated August 29, 2017, the Court granted Plaintiff leave to proceed in forma pauperis and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). (Dkt. 3). Pursuant to § 1915(e)(2), the Court sua sponte dismissed with prejudice Plaintiff's claims arising out of her termination as barred by res judicata,[1] leaving only her claim for retaliation arising out of Defendant's failure to rehire her. (Id. ).
On November 8, 2017, Defendant filed the instant motion to dismiss. (Dkt. 7). Initially, Defendant argued that both Plaintiff's NYSHRL claim and Title VII claim should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Dkt. 7-9 at 5). Plaintiff filed a response to the motion to dismiss on November 27, 2017.[2] (Dkt. 9). Defendant filed a reply on December 20, 2017. (Dkt. 10). Defendant, in its reply, withdrew its earlier argument that Plaintiff's Title VII claim should be dismissed pursuant to Rule 12(b)(1), and instead asserted that Plaintiff's Title VII claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. (Id. at 7).
DISCUSSION
I. Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)
"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States , 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction ... a court must accept as true all material factual allegations in the complaint." Shipping Fin. Servs. Corp. v. Drakos , 140 F.3d 129, 131 (2d Cir. 1998). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Austl. Bank Ltd. , 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the [c]ourt 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' " Celestine v. Mt. Vernon Neighborhood Health Ctr. , 289 F.Supp.2d 392, 399 (S.D.N.Y. 2003) (citation omitted), aff'd , 403 F.3d 76 (2d Cir. 2005). "The court may consider affidavits and other materials beyond the pleadings but cannot 'rely on conclusory or hearsay statements contained in the affidavits.' " Young v. United States , No. 12-CV-2342 (ARR)(SG), 2014 WL 1153911, at *6 (E.D.N.Y. Mar. 20, 2014) (quoting J.S. ex rel. N.S. v. Attica Cent. Sch. , 386 F.3d 107, 110 (2d Cir. 2004) ).
In addition, "[i]t is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.' " Green v. United States , 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted); see also *700 McEachin v. McGuinnis , 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen [a] plaintiff proceeds pro se ... a court is obliged to construe [her] pleadings liberally, particularly when they allege civil rights violations."). Moreover, "a pro se litigant should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." Satchell v. Dilworth , 745 F.2d 781, 785 (2d Cir. 1984). However, "[n]otwithstanding the liberal pleading standards afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction." Azeez v. U.S. Postal Servs. , No. 10-CV-2001 (JS)(ETB), 2010 WL 2653350, at *2 (E.D.N.Y. June 22, 2010) (citing Lyndonville Sav. Bank & Trust Co. v. Lussier , 211 F.3d 697, 700-01 (2d Cir. 2000) ). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova , 201 F.3d at 113.
II. This Court Lacks Jurisdiction over Plaintiff's NYSHRL Claim
Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's NYSHRL claim because New York Executive Law § 297(9) bars Plaintiff from bringing a claim in this Court that she previously filed with the NYSDHR. (Dkt. 7-9 at 4). Section 297(9) provides for an election of remedies as follows:
Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person had filed a complaint hereunder or with any local commission on human rights ... provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.
N.Y. Exec. Law § 297(9) (emphasis added). Accordingly, "by the terms of the statute ... [NYSHRL] ... claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Ass'n of the Bar of the City of N.Y. , 286 F.3d 122, 127 (2d Cir. 2002). "Furthermore, there is no question that the election-of-remedies [provision] ... [applies] to federal courts as well as state." Id. Thus, " N.Y. Exec. Law § 297(9) deprives courts of subject matter jurisdiction" over claims already decided by the NYSDHR. Wilson-Richardson v. Reg'l Transit Serv., Inc. , 948 F.Supp.2d 300, 304 (W.D.N.Y. 2013) (dismissing plaintiff's NYSHRL claims previously filed with and fully investigated and decided by the NYSDHR (citing Skalafuris v. City of New York , 444 Fed.Appx. 466, 467 (2d Cir. 2011) ) ). Additionally, "[a] claimant cannot avoid the jurisdictional bar presented by § 297(9) by merely adding additional elements ... [or] by changing his theory." Id. (alteration in original) (quoting Carroll v. United Parcel Serv. , No. 00-7037, 2000 WL 1185583, at *3 (2d Cir. Aug. 21, 2000) ).
Here, Plaintiff's NYSHRL claim is barred by the election-of-remedies provision of N.Y. Exec. Law § 297(9). In her August 23, 2016 NYSDHR "discrimination/retaliation" complaint, Plaintiff expressly charged Defendant with retaliation for allegedly blocking her email address and failing to rehire her for the open customer service position. (Dkt. 1 at 7). Plaintiff's complaint sets forth a retaliation claim based on the same alleged facts-that Defendant retaliated against her by blocking her email address when she applied for the open customer service position. ( *701 Id. at 4-5). The NYSDHR fully investigated Plaintiff's claim, issued a finding of no probable cause, and dismissed the retaliation complaint. (Id. at 7-8). No exception to the jurisdictional bar of § 297(9) -dismissal on grounds of administrative convenience, untimeliness, or annulment of the election of remedies-applies to Plaintiff's NYSDHR complaint. (Id. ). Therefore, under the election-of-remedies provision of § 297(9), Plaintiff's NYSHRL retaliation claim is dismissed pursuant to Rule 12(b)(1).
III. The Court Declines to Consider Defendant's Argument to Dismiss Plaintiff's Title VII Claim Pursuant to Rule 12(b)(6)
"When parties engage in motion practice, 'reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.' " Bravia Capital Partners, Inc. v. Fike , 296 F.R.D. 136, 144 (S.D.N.Y. 2013) (quoting Bayway Ref. Co. v. Oxygenated Mktg. & Trading , 215 F.3d 219, 226-27 (2d Cir. 2000) ). However, "[i]t is well settled that courts should not consider arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party." Haywin Textile Prods., Inc. v. Int'l Fin. Inv. , 137 F.Supp.2d 431, 434 n.2 (S.D.N.Y. 2001) (citing Strom v. Goldman, Sachs & Co. , 202 F.3d 138, 142 (2d Cir. 1999) ); see Falcon v. City Univ. of N.Y. , No. 15-CV-3421 (ADS)(ARL), 2016 WL 3920223, at *14 (E.D.N.Y. July 15, 2016) (declining to consider the defendants' argument that the plaintiff's Title VII claims failed to state a plausible claim for relief when defendants asserted that argument for the first time in a reply brief in support of their motion to dismiss); see also Howard v. Cannon Indus., Inc. , No. 11-CV-6100 CJS, 2012 WL 5373458, at *4 n.4 (W.D.N.Y. Oct. 30, 2012) ("[T]he Court need not consider arguments raised for the first time in a reply brief.").
Here, Defendant argues for the first time in its reply memorandum that Plaintiff's Title VII claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). (Dkt. 10 at 7). Defendant's Rule 12(b)(6) argument in reply does not address new material issues or arguments raised by Plaintiff in her opposition memorandum.[3] As Plaintiff, who is proceeding pro se , has not had an opportunity to respond to Defendant's new argument regarding her Title VII claim, the Court need not consider it. Thus, when viewed with Defendant's withdrawal of its prior argument that Plaintiff's Title VII claim should be dismissed pursuant to Rule 12(b)(1), Defendant's motion to dismiss Plaintiff's Title VII claim is denied, albeit without prejudice.
IV. The Court Declines to Treat the Instant Motion as a Motion for Summary Judgment
Defendant, in its reply memorandum, also asks the Court, in the alternative, to convert its motion to dismiss to a motion for summary judgment pursuant to Rule 56. (Dkt. 10 at 9). Rule 12(d) provides the circumstances in which a motion to dismiss may be converted to a motion for summary judgment:
If, on a motion to dismiss under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment *702 under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
Fed. R. Civ. P. 12(d). Whether the Court should convert or decide the motion to dismiss on the pleadings alone is a discretionary decision. See Friedl v. City of New York , 210 F.3d 79, 83 (2d Cir. 2000) (explaining that a district court may choose between conversion or exclusion of extra-pleading materials presented in response to a 12(b)(6) motion).
The plain language of Rule 12(d) provides for conversion of only Rule 12(b)(6) or Rule 12(c) motions. Fed. R. Civ. P. 12(d). Here, in light of the Court's refusal to consider Defendant's late argument to dismiss Plaintiff's Title VII claim pursuant to Rule 12(b)(6), the Court declines to treat the instant motion as one for summary judgment.[4]
CONCLUSION
For the foregoing reasons, Defendant's motion to dismiss (Dkt. 7) is granted in part and denied in part.
SO ORDERED.

Plaintiff previously raised claims of discrimination and retaliation relating to the termination of her employment in a prior action in this Court, and the Court dismissed those claims as time-barred under 42 U.S.C. § 2000e-5(e)(1). See Jiles v. Rochester Genesee Reg'l Transp. Auth. , 217 F.Supp.3d 688, 689-91 (W.D.N.Y. 2016).

Plaintiff's response primarily restates the factual allegations set forth in the complaint and includes additional documentation. (Dkt. 9 at 1).

Defendant acknowledges in its reply memorandum that Plaintiff, in her response, "reiterates the alleged facts surrounding her attempts to apply for a job with [Defendant]." (Dkt. 10 at 8).

Under Rule 12(d), Defendant's motion to dismiss on Rule 12(b)(1) grounds, although withdrawn, would not provide a procedural vehicle for treating the instant motion as a motion for summary judgment. See Gualandi v. Adams , 385 F.3d 236, 244 (2d Cir. 2004) ("[A] motion to dismiss for lack of jurisdiction cannot be converted into a Rule 56 motion ....).