Zhang Chang v Phillips Auctioneers LLC (2022 NY Slip Op 01383)





Zhang Chang v Phillips Auctioneers LLC


2022 NY Slip Op 01383


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Index No. 657341/20 Appeal No. 15427M-548 Case No. 2021-03127 

[*1]Zhang Chang, Plaintiff-Appellant,
v
Phillips Auctioneers LLC, Defendant-Respondent.


K&L Gates, LLP, New York (Matthew J. Weldon of counsel), for appellant.
Hughes Hubbard & Reed LLP, New York (Daniel H. Weiner of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about July 12, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the causes of action for breach of contract and unjust enrichment, unanimously affirmed, with costs.
The parties' dispute arises from defendant's October 18, 2016 auction of a Gerhard Richter painting, DÜsenjÃger, which resulted in plaintiff acquiring the painting pursuant to the terms of a guarantee agreement between the parties. Under the guarantee agreement, defendant had the right to cancel the sale or resell the painting in the event of plaintiff's default, in which event plaintiff would be responsible for the costs of the resale. Plaintiff refused to pay for the painting, claiming that he had been misled, and litigation ensued. In January 2018, the parties settled the litigation pursuant to an agreement that required plaintiff to pay $26 million by the end of July 2018 in exchange for title to the painting. The settlement agreement provided that defendant "shall retain title to and possession of" the painting until plaintiff complied with all the terms of the agreement and paid the settlement amount. Plaintiff did not pay the entire settlement amount by the end of July 2018, and in March 7, 2019, defendant put the painting up for auction. Plaintiff asked defendant not to auction the painting, stating that he wanted to acquire the painting in order to avoid greater losses. In correspondence, defendant told plaintiff that he could acquire the painting by paying his outstanding debt; defendant also told plaintiff repeatedly that, if he acquired the work at auction, he would be required to pay a buyer's premium, as set forth in the conditions of sale in its catalogue. Plaintiff chose to bid on and acquire the painting at the auction. On March 11, 2019, he signed an acknowledgment of the total amount of his remaining debt to defendant, including a buyer's premium on the second auction. After paying the amounts acknowledged and receiving the painting, plaintiff commenced this action asserting causes of action for breach of contract and unjust enrichment and seeking a declaration that he is entitled to recover that payment.
The parties' agreements and other documentary evidence conclusively establish a defense to the breach of contract claim (CPLR 3211[a][1]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; Ark Bryant Park Corp. v Bryant Park Restoration Corp., 285 AD2d 143, 150 [1st Dept 2001]). In particular, the settlement agreement unambiguously provided defendant with title and possession of the artwork until plaintiff paid his debt on the specified date. Thus, defendant had the right to re-sell the artwork at auction, and plaintiff would be liable for all costs incurred by a resale and for the buyer's premium.
Because defendant was doing no more than exercising its right under previous agreements, it did not place plaintiff under duress by re-auctioning [*2]the artwork (Stewart M. Muller Constr. Co. v New York Tel. Co., 40 NY2d 955, 956 [1976]; 767 Third Ave. LLC v ORIX Capital Mkts., LLC, 26 AD3d 216, 218 [1st Dept 2006], lv denied 8 NY3d 803 [2007]). The duress claim is barred on the additional ground that plaintiff ratified the agreement by paying off the entire debt and receiving the artwork (Allen v Riese Org., Inc., 106 AD3d 514, 517 [1st Dept2013]; Fruchthandler v Green, 233 AD2d 214, 215 [1st Dept 1996]). Because the acknowledgement plaintiff countersigned merely restated his obligations under the settlement agreement and auction, the acknowledgement was not invalid (see General Obligations Law § 5-1103; GG Mgrs. v Fidata Trust Co. N.Y., 215 AD2d 241, 242 [1st Dept 1995], lv dismissed 87 NY2d 896 [1995]).
The unjust enrichment claim was correctly dismissed because it was based on the same agreement on which the breach of contract claim was based (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Goldstein v CIBC World Mkts. Corp., 6 AD3d 295, 296 [1st Dept 2004]).
M-548- Chang v Phillips Auctioneers LLC
Motion to amend the record granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022